UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60214-WPD

GUS IRIZARRY,

       Plaintiff,

v.

EXCELIUM MANAGEMENT, LLC, a Florida
Limited Liability company, FAMILY OFFICE, LP,
A Florida Limited Partnership, VINCENT CHHABRA,
Individually and SUSHMA CHHABRA, individually,
KEY LEGAL SERVICES, LLC, a Florida Limited
Liability Company, and MITCHELL HAMMER,
Individually

       Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, Mitchell Hammer ("MH") and Key Legal Services, LLC ("KLS"), by and through their undersigned counsel, and respond to each of the allegations in Plaintiff's complaint as follow:

1. Denied.

2. Denied.

3. Unknown, therefore denied.

4. Denied.

5. Admitted as to MH, denied as to KLS.

6. Denied.

7. No allegations pertain to MH or KLS.

8. No allegations pertain to MH or KLS.

9. Denied that KLS employed anyone, including MH, at any times material hereto.

10. No allegations pertain to MH or KLS.

11. No allegations pertain to MH or KLS.

12. Denied that KLS had an annual gross volume of sales or business in excess of $500,000, exclusive of excise taxes, at any times material hereto.

13. Denied.

14. Denied.

15. Denied.

16. Denied that MH or KLS ever employed Plaintiff.  Admitted that Plaintiff did not engage in any duties for MH or KLS, exempt or otherwise.  Admitted that neither MH nor KLS ever paid Plaintiff, because Plaintiff did not work for either defendant nor is there or was there ever an obligation to pay Plaintiff.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Unknown, therefore denied.

22. Admitted that if Plaintiff worked, he is entitled to minimum wage; denied that Plaintiff ever worked for MH or KLS.

23. No allegations pertain to MH or KLS.

24. Admitted that if Plaintiff worked, he is entitled to minimum wage; denied that Plaintiff ever worked for MH or KLS.

25. No allegations pertain to MH or KLS.

26. Admitted that if Plaintiff worked, he is entitled to minimum wage; denied that Plaintiff ever worked for MH or KLS.

27. Denied.

28. Admitted that if Plaintiff worked, he is entitled to minimum wage; denied that Plaintiff ever worked for MH or KLS.

29. No allegations pertain to MH or KLS.

30. Admitted that if Plaintiff worked, he is entitled to minimum wage; denied that Plaintiff ever worked for MH or KLS.

31. No allegations pertain to MH or KLS.

32. Admitted that if Plaintiff worked, he is entitled to minimum wage; denied that Plaintiff ever worked for MH or KLS.

33. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint constitutes an impermissible "shotgun" pleading.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to name Law Firm Headquarters, LLC, the company which actually employed him from August 24, 2016 until November 8, 2016, which is an indispensable party to this action.

Respectfully submitted,

  /s/ Paul DeCailly  
Paul DeCailly  
Florida Bar No. 796301  
DeCailly Law Group, P.A.

PO Box 490
Indian Rocks Beach, FL 33785
tel.:	(727) 824-7709
fax:	(866) 906-5977
pdecailly@dlg4me.com
*Attorneys for Mitchell Hammer
and Key Legal Services LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed a true and correct copy of the foregoing with the CM/ECF system on this twentieth day of February 22, 2017, which served a copy of the foregoing upon Christopher J. Whitelock, Whitelock & Associates, P.A., 300 Southeast Thirteenth Street, Fort Lauderdale, Florida 33316, cjw@whitelocklegal.com.

                                                                Respectfully submitted,

                                                                  /s/ Paul DeCailly  
                                                                Paul DeCailly